IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

RONALD MARTINEZ,

        Plaintiff,

v.          Civil Action No. 2:06cv378

ALBERTO GONZALES,
    Attorney General of the United States;

MICHAEL CHERTOFF,
    Secretary of Department of Homeland
    Security;

EMILIO GONZALEZ,
    Director of U.S. Citizenship and
    Immigration Services;

PHYLLIS HOWARD,
    District Director, Washington District
    Office, U.S. Citizenship and
    Immigration Services;

and

TONY BRYSON,
    Director, Norfolk Sub-District Office,
    U.S. Citizenship and Immigration
    Services,

        Defendants.

## ORDER AND OPINION

This matter comes before the court on the defendants' Motion to Dismiss for lack of subject matter jurisdiction. After examination of the briefs and record, this court determines oral argument is unnecessary because the facts and legal arguments are adequately presented, and the

decisional process would not be significantly aided by oral argument. The court, for the reasons set out fully herein, **GRANTS** the defendants' motion to dismiss, without prejudice.

I. Factual and Procedural Background

The plaintiff, Ronald Martinez, is a lawfully registered permanent resident alien, originally from El Salvador, who has applied for naturalization and citizenship. The plaintiff resides in Virginia Beach, Virginia, where he is also employed. The plaintiff filed an application for naturalization on August 21, 2002, and was interviewed in the Norfolk, Virginia, Citizenship and Immigration Services ("CIS") office on June 4, 2003. A background check was then requested by CIS from the Federal Bureau of Investigation ("FBI"), on August 19, 2003. As of October 20, 2006, the background check has not been completed.

The plaintiff has made repeated inquiries as to the status of his application, all of which have been answered with the response that the FBI background check remains pending. Indeed, the defendants acknowledge that the background check is not yet completed, more than three years after the June 2003 interview. The plaintiff complains of excessive delay and of the fact that he has been required to repeatedly submit additional sets of fingerprints in order to update those on file with CIS. On July 6, 2006, the plaintiff filed the instant complaint with this court, averring that the defendants, various government officials charged with oversight of the naturalization process and sued in their official capacities, have violated 8 U.S.C. § 1447(b) by failing to make a final determination on his application within 120 days of the date on which his examination was conducted. The plaintiff seeks to have this court assume jurisdiction over his application for naturalized citizenship, order a hearing to take place on the matter, review de novo and grant his application for citizenship, direct the defendants to issue a Certificate of

Naturalization to the plaintiff, award the plaintiff reasonable costs and attorneys' fees, and grant any further relief that the court deems proper.

On October 20, 2006, the defendants filed a motion to dismiss for lack of subject matter jurisdiction, or in the alternative, to remand the case back to CIS for processing. The plaintiff has failed to respond to the defendants' motion, and the time in which to respond has now passed. The motion is therefore ripe for the court's review.

II. Standard of Review

Title 8, United States Code, Section 1447 provides, in relevant part:

> If there is a failure to make a determination under section 1446 of this title before the end of the 120-day period after the date on which the examination is conducted under this section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

8 U.S.C. § 1447(b). 8 U.S.C. § 1446 sets out the procedure for examining an applicant for naturalization, and grants authority to CIS employees to issue subpoenas to compel the appearance of witnesses and the production of documents.[1] At issue in this case is the meaning of the statutorily-required "examination." If the plaintiff is correct, and the examination is a discrete event–which happened in his case on June 4, 2003–then § 1447(b) plainly provides him

---

[1]Section 1446 provides, in pertinent part:
The Attorney General shall designate employees of the Service to conduct examinations upon applications for naturalization. For such purposes any such employee so designated is authorized to take testimony concerning any matter touching or in any way affecting the admissibility of any applicant for naturalization, to administer oaths, including the oath of the applicant for naturalization, and to require by subpena [sic] the attendance and testimony of witnesses, including applicant, before such employee so designated and the production of relevant books, papers, and documents, and to that end may invoke the aid of any district court of the United States . . . .
8 U.S.C. § 1446(b).

with a cause of action in this court, and the defendants' motion to dismiss should be denied. Contrariwise, if the defendants are correct, and the examination is a process that includes the completion of an FBI background check, the fact that the background check has not yet been completed indicates that the statutory 120-day period has not yet begun to run, and therefore the plaintiff's claim should be dismissed because this court does not yet have subject matter jurisdiction.

III.  Analysis

At its base, this case is simply about the meaning of the word "examination," as used in 8 U.S.C. § 1447(b).  The defendants urge the court to adopt the view that the examination contemplated in Sections 1446 and 1447 is more than a single interview, and is instead an ongoing process.  The plaintiff, however, asserts that his examination took place in June of 2003, and therefore he has a cause of action because it has now been much more than 120 days since the examination.  In analyzing this issue, this court is persuaded by the reasoning of another division of this court, which found under similar circumstances that the examination was not simply a discrete, one-time event, but was instead an ongoing process by which CIS gathers information about an applicant for citizenship.  See Danilov v. Aguirre, 370 F.Supp.2d 441, 443-44 (E.D. Va. 2005).  Although the court is aware that the majority of district courts to consider this issue have found to the contrary, see, e.g., Shalabi v. Gonzales, 2006 WL 3032413, at *4 (E.D. Mo. Oct. 23, 2006), the reasoning of the court in Danilov and the language of the statutes themselves makes it clear that Congress intended for the examination of an applicant to entail not just a single interview, but a host of investigatory mechanisms, including an FBI criminal background check.

As the Danilov court noted, § 1446(b) "provides that an 'examination' may include the issuance of subpoenas to compel the attendance and testimony of witnesses and the production of relevant papers, books and documents and the taking of testimony concerning any matter touching or affecting the admissibility of any applicant for naturalization." Id. at 443. The broad, statutory grant of power to the examiner in conducting the examination is evidence that Congress intended the examination to be a process that included, importantly, the FBI background check. See 8 U.S.C. § 1446(b). See also El Kassemi v. Dep't of Homeland Sec., 2006 WL 2938819 (D. N.J. Oct. 13, 2006); Danilov, 370 F.Supp.2d at 443.

Additionally, Congress has proscribed CIS from receiving funds for processing applications for naturalization unless CIS has received confirmation from the FBI that a full criminal background check on the applicant has been completed. Dep't. of Commerce, Justice, and State, the Judiciary, and Related Agencies Appropriations Act of 1998, Pub. L. No. 105-119, 111 Stat. 2448 (1997). To implement this directive, CIS promulgated a regulation mandating that the initial examination of an applicant for naturalized citizenship must take place "only after the Service has received a definitive response from the Federal Bureau of Investigation that a full criminal background check of an applicant has been completed." 8 C.F.R. § 335.2(b).[2] As the

---

[2] 8 C.F.R. § 335.2 provides, in relevant part:
(b) Completion of criminal background checks before examination. The Service will notify applicants for naturalization to appear before a Service officer for initial examination on the naturalization application only after the Service has received a definitive response from the Federal Bureau of Investigation that a full criminal background check of an applicant has been completed. A definitive response that a full criminal background check on an applicant has been completed includes:
    (1) Confirmation from the Federal Bureau of Investigation that an applicant does not have an administrative or a criminal record;
    (2) Confirmation from the Federal Bureau of Investigation that an applicant has an administrative or a criminal record; or

defendants note in support of their motion to dismiss, this regulation requires that CIS receive confirmation from the FBI that it has completed its review of the appropriate criminal records before CIS can proceed with the examination of an application. Although it may appear at first glance that this is simply a case of CIS failing to abide by its own regulation by interviewing the plaintiff prior to having received confirmation from the FBI of a completed background check, the single interview of June 3, 2003 did not constitute the "initial examination" discussed in the regulation. Rather, because the examination is a process, it may necessarily include one or more in-person interviews in addition to the FBI background check and those procedures contemplated by 8 U.S.C. § 1446(b).

The interview with a CIS employee that took place in June 2003 did not, as the plaintiff contends, end the statutorily-required examination and trigger the running of the 120-day period of Section 1447(b). Instead, the interview was merely one part of the examination process, as is the FBI background check. Because it is undisputed that the background check has not been completed, it follows that the examination has also not been completed. Therefore, the 120-day period has not begun to run, and this court is without jurisdiction under 8 U.S.C. § 1447(b) to hear this case. The plaintiff's complaint clearly indicates his reliance upon Section 1447(b) to support this court's jurisdiction over his claim. Because Section 1447(b) does not authorize the court to act on the facts here presented, this action must be dismissed for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

---

(3) Confirmation from the Federal Bureau of Investigation that two properly prepared fingerprint cards (Form FD-258) have been determined unclassifiable for the purpose of conducting a criminal background check and have been rejected.
8 C.F.R. § 335.2(b).

It is noted that, even were the court to possess subject matter jurisdiction over the plaintiff's claim, this court would still remand the claim to CIS for further adjudication, as authorized by 8 U.S.C. § 1447(b). In the cases in which district courts have found that the term "examination" refers to a discrete event, and therefore that jurisdiction is proper, they have all determined that remand of the claim to CIS is also proper, because courts are ill-equipped to conduct the type of criminal background checks with which the FBI has been tasked, and to conduct a hearing without the benefit of a completed background check "would contravene Congress's intent that an FBI background is to be completed prior to the adjudication of every naturalization application." Shalabi v. Gonzales, 2006 WL 3032413, at *4 (E.D. Mo. Oct. 23, 2006) (quoting Essa v. U.S. Citizenship and Immigration Servs., 2005 WL 3440827, at *2 (D. Minn. 2005)) (internal quotation omitted).

IV. Conclusion

Because the statutory 120-day period has not yet begun to run, let alone expired, the plaintiff is without a cause of action that can be presently addressed by this court. Therefore, the court **GRANTS** the defendants' motion to dismiss for lack of subject matter jurisdiction, in accordance with Federal Rule of Civil Procedure 12(b)(1).

The Clerk is **REQUESTED** to send a copy of this Order to counsel of record for the plaintiff and to the United States Attorney's Office, Eastern District of Virginia.

It is so **ORDERED**.

/s/<br>Jerome B. Friedman<br>UNITED STATES DISTRICT JUDGE

November 29, 2006
Norfolk, Virginia